IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              |   |                      |
|------------------------------|---|----------------------|
| TONIE ALLEN,                 |   |                      |
|     Plaintiff,               |   |                      |
| vs.                          |   | No. 12-2206-STA-tmp  |
| UNION PLANTERS BANK, N.A., et al., | |                 |
|     Defendants.              |   |                      |

---

ORDER CORRECTING THE DOCKET
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
AND
ORDER TO SHOW CAUSE

---

On March 12, 2012, Plaintiff Tonie Allen, a resident of Memphis, Tennessee, filed a pro se Complaint to Restrict and Prohibit Foreclosure and Sale, for Damages and Demand for Trial, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court issued an order on March 13, 2012, granting leave to proceed in forma pauperis. (ECF No. 3.) The Clerk shall record the defendants as Union Planters Bank, N.A. ("Union Planters"); Regions Financial Corporation ("Regions"); Ameriquest Mortgage Company ("Ameriquest"); Aames Funding Corporation d/b/a Aames Home Loans ("Aames"); United Shore Financial Services, LLC d/b/a United Wholesale Mortgage ("United Wholesale"); Mortgage Electronic Registrations System, Inc. ("MERS"), which was sued as Mortgage Electronic Registration System; Branch Banking & Trust

Company ("BB&T"); and Shapiro & Kirsch, LLP ("Shapiro & Kirsch"), which was sued as "Shapiro & Kirsch."[1]

It is ORDERED that the Clerk shall issue process for Defendants and deliver that process to the marshal for service. Service shall be made on Defendants pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.[3]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these

---

[1] The Clerk is directed to correct the docket to reflect the legal names of each defendant.

The Complaint also purports to sue "John and Jane Does 1-20" (ECF No. 1 at 1), but service of process cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, if Plaintiff seeks to sue any other individual or entity, she must identify the defendant and seek leave to amend within the applicable statute of limitations.

[2] The agent for service of process for Union Planters and Regions is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203. Ameriquest's agent for service of process is National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212. Aames and MERS have no agent in Tennessee and should be served through the Tennessee Secretary of State. The agent for service of process for United Wholesale and BB&T is C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929. The agent for Shapiro & Kirsch is Joe M. Kirsch, 555 Perkins Road Extended, 2d Floor, Memphis, TN 38117.

[3] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

On April 6, 2012, BB&T filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 4 & 5.) Plaintiff has not responded to this motion, and the time for a response has expired. Plaintiff is ORDERED to show cause, within twenty-eight (28) days of the date of entry of this order, why BB&T's motion to dismiss should not be granted.

A failure to respond to this order within the time specified will result in the dismissal of Plaintiff's claims against BB&T with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED this 20th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE